## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Fifth Third Bank, National Association

        Plaintiff,

        v.

Agritrade Farms, LLC,  Ayal Raz and
Agritrade International, LLC,

        Defendants.

Case No.  0:21-cv-61241

## COMPLAINT

Fifth Third Bank, National Association by and through the undersigned counsel, files this Complaint against Agritrade Farms, LLC, Ayal Raz, and Agritrade International, LLC, and states as follows:

## PARTIES

1.      Fifth Third Bank, National Association ("Plaintiff") is a national banking association with its main office in Cincinnati, Ohio.

2.      Agritrade Farms, LLC ("Borrower") is a Florida limited liability company with its principal place of business in Broward County, Florida.  Ayal Raz is the sole member of Borrower and is a citizen of the state of Florida.

3.      Ayal Raz ("Guarantor-1") is an individual and a citizen of the state of Florida.

4.      Agritrade International, LLC ("Guarantor-2" and with Guarantor-1, the "Guarantors") is a Florida limited liability company with its principal place of business in Broward County, Florida.  Ayal Raz is the sole member of Guarantor-2, and is a citizen of the state of Florida.

**JURISDICTION AND VENUE**

5.        This Court has original subject matter jurisdiction in this action pursuant to 28 U.S.

Code § 1332 because Plaintiff and all Defendants are citizens of different states and the damages

claimed exceed the sum of $75,000, exclusive of interest and costs.

6.        Venue in this action is proper in this District pursuant to 28 U.S. Code § 1391(b).

**GENERAL ALLEGATIONS**

7.        Plaintiff is a financial institution that, among other things, issues revolving notes,

draw notes, and other monetary loans.

8.        On or about August 23, 2019, Borrower executed a Revolving Note in favor of

Plaintiff in the original sum of EIGHT HUNDRED THOUSAND DOLLARS AND NO/100

($800,000.00) (the "Revolving Note").  A true and correct copy of the Revolving Note is attached

hereto as "**Exhibit A**."  The Revolving Note evidenced a restatement, replacement, and substitute

for, but not a repayment of a prior loan.

9.        Also, on August 23, 2019, Borrower executed a Draw Note in favor of Plaintiff in

the original sum of ONE HUNDRED THOUSAND DOLLARS AND NO/100 ($100,000.00) (the

"Draw Note" and with the Revolving Note, the "Notes").  A true and correct copy of the Draw

Note is attached hereto as "**Exhibit B**."

10.       Under the Revolving Note, Borrower agreed, among other things, to pay all

outstanding principal plus all accrued unpaid interest on or before August 22, 2020, which was

extended to November 22, 2020 (the "Maturity Date").

11.       Further, Borrower agreed that the Borrower would default under the Revolving

Note for, among other events:

> Any failure to make any payment when due of principal or
> accrued interest on this Note or any other Obligation and

> such nonpayment remains uncured for 10 days after written
> notice from [Plaintiff] to Borrower of such default.
>
> Ex. A, Revolving Note, ¶ 10(a)

12.     Under the Draw Note, Borrower agreed, among other things, to pay all outstanding

principal plus all accrued unpaid interest on or before August 23, 2025.

13.     Further, Borrower agreed that the Borrower would default under the Draw Note

for, among other events:

> Any failure to make any payment when due of principal or
> accrued interest on this [Draw] Note or any other Obligation
> and such nonpayment remains uncured for 10 days after
> written notice from [Plaintiff] to Borrower of such default.
>
> Ex. B, Draw Note, ¶ 9(a)

14.     To induce Plaintiff to make financial accommodations including the making of

loans, or extending or continuing credit in favor of Borrower, including but not necessarily limited

to the Notes, Guarantor-1 executed a Continuing Guaranty Agreement under which he absolutely

and unconditionally guaranteed to Plaintiff the performance and full payment of all of Borrower's

liabilities to Plaintiff (the "First Guaranty").  A true and correct copy of the First Guaranty is

attached hereto as "**Exhibit C**."

15.     Further, to induce Plaintiff to make financial accommodations including the

making of loans, or extending or continuing credit in favor of Borrower, including but not

necessarily limited to the Notes, Guarantor-2 executed a Continuing Guaranty Agreement under

which it absolutely and unconditionally guaranteed to Plaintiff the performance and full payment

of all of Borrower's liabilities to Plaintiff (the "Second Guaranty" and with the First Guaranty, the

"Guarantees").  A true and correct copy of the Second Guaranty is attached hereto as "**Exhibit D**."

16.     As security for Borrower's liabilities to Plaintiff, including but not limited to the Notes, Borrower signed a Commercial Security Agreement (the "Security Agreement"), granting Plaintiff a security interest in Borrower's property and assets (collectively, the "Collateral"), as more specifically defined in the Security Agreement.  A true and correct copy of the Commercial Security Agreement is attached hereto as "**Exhibit E**."

17.     The execution of the Guarantees and Security Agreement, and the various responsibilities and obligations contained therein, were absolute conditions precedent and prerequisites to Plaintiff issuing the Notes.

18.     Borrower failed and/or refused to honor the obligations set forth in the Revolving Note by failing to pay all outstanding principal plus all accrued unpaid interest on or before the Maturity Date.

19.     Borrower failed and/or refused to honor the obligations set forth in the Draw Note by failing to honor its obligations to Plaintiff under the Revolving Note.

20.     Similarly, Guarantors failed and/or refused to honor the obligations set forth in the Guarantees by failing and/or refusing to pay the sums due under the Notes.

21.     Plaintiff is the holder and owner of the Notes and Guarantees, has performed all its obligations to be performed under the same and has issued all necessary pre-suit demands, if any.

22.     Plaintiff has retained the undersigned attorneys to represent it in this action, and pursuant to the Notes and Guarantees, Plaintiff is entitled to recovery of its reasonable attorneys' fees and expenses.

23.     All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
## BREACH OF NOTE: AGRITRADE FARMS, LLC

24.     Plaintiff reincorporates the allegations of paragraphs 1 through 8, 10 through 11, 18, and 21 through 23 of its Complaint as though fully set forth herein.

25.     On August 23, 2019, Borrower executed the Revolving Note and the Borrower agreed to pay all outstanding principal plus all accrued unpaid interest on or before the Maturity Date.

26.     Borrower defaulted on the Revolving Note by failing to pay all outstanding principal plus all accrued unpaid interest on or before the Maturity Date.

27.     As a result of the Revolving Note maturing, all sums evidenced by the same are now due and owing, including, as of May 18, 2021, a principal sum of $785,585.22, and accrued interest of $16,489.66, plus all accruing interest and attorneys' fees and costs incurrent in protecting and enforcing Plaintiff's rights under the Revolving Note.  Interest under the Revolving Note accrues at the rate of $91.86 per day.

WHEREFORE, Fifth Third Bank, National Association respectfully requests this Court to enter judgment in its favor and against Agritrade Farms, LLC in the amount of $802,074.88, plus all accruing interest and attorneys' fees and costs incurred in protecting and enforcing Plaintiff's rights under the Revolving Note and to grant such further or other relief as this Court deems just and equitable.

## COUNT II
## BREACH OF NOTE: AGRITRADE FARMS, LLC

28.     Plaintiff reincorporates the allegations of paragraphs 1 through 13, 18 through 19, and 21 through 23 of its Complaint, as though fully set forth herein.

29.     On August 23, 2019, Borrower executed the Draw Note and undertook the obligations contained therein.

30.     Pursuant to the Draw Note, Borrower agreed to honor its obligations under the Revolving Note.

31.     Borrower defaulted on the Draw Note by failing to honor its obligations under the Revolving Note.

32.     As a result of Borrower's default on the Draw Note, all sums evidenced by the same are now due and owing, including, as of May 18, 2021, a principal sum of $89,676.92, accrued interest of $737.95, accrued fees of $120.02, plus all accruing interest and attorneys' fees and costs incurrent in protecting and enforcing Plaintiff's rights under the Draw Note.  Interest under the Draw Note now accrues at the rate of $13.18 per day.

WHEREFORE, Fifth Third Bank, National Association respectfully requests this Court to enter judgment in its favor and against Agritrade Farms, LLC in the amount of $90,534.89, plus all accruing interest and attorneys' fees and costs incurred in protecting and enforcing Plaintiff's rights under the Draw Note and to grant such further or other relief as this Court deems just and equitable.

## COUNT III
## BREACH OF GUARANTY: AYAL RAZ

33.     Plaintiff reincorporates the allegations of Paragraphs 1 through 14, 17 through 23 of its Complaint as though fully set forth herein.

34.     To induce Plaintiff to make financial accommodations including the making of loans, or extending or continuing credit in favor of Borrower, including but not necessarily limited to the Notes, Guarantor-1 executed the First Guaranty.

35.     Pursuant to the First Guaranty, as a result of Borrower's default on the Notes, Guarantor-1 is liable to Plaintiff for all sums evidenced by the Notes.

36.     Guarantor-1 has failed to honor its obligations under the First Guaranty by failing to pay the sums evidenced by the Notes.

WHEREFORE, Fifth Third Bank, National Association respectfully requests this Court to enter judgment in its favor and against Ayal Raz in the amount of $892,609.77, plus all accruing interest and attorneys' fees and costs incurred in protecting and enforcing Plaintiff's rights under the Notes and to grant such further or other relief as this Court deems just and equitable.

**COUNT IV**
**BREACH OF GUARANTY: AGRITRADE INTERNATIONAL, LLC**

37.     Plaintiff reincorporates the allegations of Paragraphs 1 through 13, 15, and 17 through 23 of its Complaint as though fully set forth herein.

38.     To induce Plaintiff to make financial accommodations including the making of loans, or extending or continuing credit in favor of Borrower, including but not necessarily limited to the Notes, Guarantor-2 executed the Second Guaranty.

39.     Pursuant to the Second Guaranty, as a result of Borrower's default on the Notes, Guarantor-2 is liable to Plaintiff for all sums evidenced by the Notes.

40.     Guarantor-2 has failed to honor its obligations under the Second Guaranty by failing to pay the sums evidenced by the Notes.

WHEREFORE, Fifth Third Bank, National Association respectfully requests this Court to enter judgment in its favor and against Agritrade International, LLC in the amount of $892,609.77, plus all accruing interest and attorneys' fees and costs incurred in protecting and enforcing Plaintiff's rights under the Notes and to grant such further or other relief as this Court deems just and equitable.

## COUNT V
## FORECLOSURE OF COMMERCIAL SECURITY AGREEMENT: AGRITRADE FARMS, LLC

41.     Plaintiff reincorporates the allegations of paragraphs 1 through 23 of its Complaint as though fully set forth herein.

42.     As security for Borrower's liabilities to Plaintiff, including but not limited to the Notes, Borrower signed the Security Agreement, granting Plaintiff a security interest in the Collateral.

43.     Plaintiff is entitled to enforce the terms of the Security Agreement upon an event of default thereunder, and Borrower's default on the Notes constitutes an event of default under the Security Agreement.

44.     Plaintiff now seeks to foreclose on the Collateral to take possession and control of the Collateral.

WHEREFORE, Fifth Third Bank, National Association respectfully requests this Court enter an order granting it possession of the Collateral, and to grant such further or other relief as this Court deems just and equitable.

Dated: June 14, 2021.

*/s/ Carolina Saavedra Eason*
Carolina Saavedra Eason, Esq.
Fla. Bar No. 118408
**DINSMORE & SHOHL, LLP**
201 N Franklin St., Ste. 3050
Tampa, FL 33602
T: (813) 543-9848 F: (813) 543-9849
Primary: carolina.saavedraeason@dinsmore.com
Secondary: jessica.lovins@dinsmore.com
Secondary: eileen.garvey@dinsmore.com
*Counsel for Fifth Third Bank, National Association*
